## JAMES SPIARS v. THE STATE.

### No. 1591. Decided April 26, 1899.

**1. Bill of Exceptions—Practice on Appeal.**

Bills of exception contained in the record, if not approved by the trial judge, will not be considered.

**2. Special Instructions—Acquittal on Hypothesis of Another's Guilt.**

Where defendant requested a special instruction, "If from the testimony you find that the circumstances proved are consistent with a reasonable hypothesis and conclusion of the guilt of another than defendant, you will acquit." Held, properly refused where the court had already sufficiently charged upon circumstantial evidence. Such a charge would have authorized defendant's acquittal if another party was also guilty.

**3. Circumstantial Evidence.**

A defendant is entitled to an acquittal on circumstantial evidence only when the facts are consistent with his innocence.

**4. Special Instructions.**

It is not error to refuse requested instructions which are covered by the general charge.

**5. Objections to Admission of Evidence—Bill of Exceptions.**

Objections to admitted evidence must be preserved by bill of exceptions; they can not be availed of for the first time on motion for a new trial.

**6. Remarks of Judge.**

Objectionable remarks or comments of the judge during the trial will not be revised where a bill of exceptions was not reserved.

**7. Disturbance of the Peace—Evidence Sufficient.**

On a trial for disturbance of the peace, evidence is sufficient to support the conviction that defendant and some drinking companions were going along a road at night; that defendant fired his pistol at a dog and then fired it into a house, striking a woman in the leg with one of his shots.

APPEAL from the County Court of Williamson. Tried below before Hon. W. F. ROBERTSON, County Judge.

Appeal from a conviction for disturbance of the peace, by rudely displaying a pistol in a manner calculated to disturb the inhabitants, etc.; penalty, a fine of $10.

The opinion states the case.

No briefs for either party have come to the hands of the Reporter.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of disturbing the peace by rudely displaying a pistol in a manner calculated to disturb the inhabitants, etc., and his punishment assessed at a fine of $10; hence this appeal.

The bills of exception in the record can not be considered, because not approved by the judge.

The indictment, we think, is sufficient. It is at least not subject to the criticism of a general demurrer.

Appellant requested two special instructions. The first is: "If from the testimony, you find that the circumstances proved are consistent with a reasonable hypothesis and conclusion of the guilt of another than the defendant, then you should acquit." The court very properly refused this instruction. He had given a charge upon the law of circumstantial evidence in appropriate terms. This charge, if given, authorized an acquittal of defendant, if another party also was guilty. Appellant is entitled to an acquittal on circumstantial evidence only when the facts are consistent with his innocence. The second requested charge is also upon the law of circumstantial evidence. As before stated, the court fully instructed the jury in regard to this phase of the law, and it was not error to refuse to repeat the charge.

The second and third grounds of the motion for new trial allege error on the part of the court in permitting the introduction of certain testimony. A bill of exception was not reserved, and therefore the matter can not be revised.

The sixth ground of the motion is based upon the comments of the court, made in the presence and hearing of the jury, in regard to the unwillingness of the witness Barnes to testify for the State. This is not verified in any manner, nor was an exception reserved.

It is further contended that the verdict of the jury is not supported by, but is against, the evidence. It occurs to us that this is an outrageous violation of the law. The substance of the testimony is that appellant and some drinking companions were traveling along the road at night, by the house of one Teltow. Defendant fired several shots,— the first at a dog, and the remainder into the house, one of which struck the leg of Teltow's wife. This is sufficient evidence to support the judgment. Gozy v. State, 34 Texas Crim. Rep., 146. The judgment is affirmed.

*Affirmed.*